# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00392-CV

**Jacqueline Harrington, Appellant**

**v.**

**The Unauthorized Practice of Law Committee, Appellee**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-000316, THE HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On June 10, 2019, appellant Jacqueline Harrington filed a notice of appeal from a final judgment signed by the trial court on February 19, 2019. Appellant timely filed a motion for new trial on March 18, 2019. *See* Tex. R. Civ. P. 329b. Appellant's motion for new trial extended her deadline for filing a notice of appeal until 90 days after the judgment was signed, making the deadline May 20, 2019. *See* Tex. R. App. P. 26.1(a)(1). That deadline might have been extended until June 4, 2019, if appellant had filed either a notice of appeal with the trial court or a motion for extension of time with this Court within 15 days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Appellant's June 10, 2019 notice of appeal is thus untimely, and we lack jurisdiction over this

appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case).

Upon review of the trial-court clerk's record, the Clerk of this Court sent appellant a letter informing her that the Court appears to lack jurisdiction over the appeal for the reasons stated above and requesting a response informing us of any basis that exists for jurisdiction. The notice further advised appellant that her failure to comply with this request could result in the dismissal of the appeal.

Appellant filed a response to our notice, but her response does not inform us of any basis that exists for jurisdiction. Appellant complains that she did not receive a notice of entry of judgment from the district clerk, which she asserts would have included permission to appeal the judgment. However, there is no requirement to receive permission to appeal from a final judgment. *Compare id.* R. 26.1 (setting forth deadlines to file notice of appeal from judgment) *with id.* R. 28.3 (setting forth procedure for obtaining permission to appeal from interlocutory order that would not otherwise be appealable). Moreover, appellant's timely filed motion for new trial refers to the February 19, 2019 judgment, reflecting that she had actual knowledge of the judgment within 30 days of its signing. Appellant does not assert, and nothing in the record indicates, that she followed the procedure set forth in Texas Rule of Civil Procedure 306a(4) to extend the appellate deadlines when a party asserts that it did not receive notice of a judgment within 20 days of its signing. Appellant also argues that she was awaiting a ruling on her motion for new trial to file her notice of appeal, but she cites no authority to support her contention that the notice of appeal was not due until after the trial court either ruled on the motion or it was overruled by operation of law. *See* Tex. R. App. P. 26.1(a) (requiring notice of

appeal to be filed within 90 days *after the judgment is signed* if any party timely files motion for new trial).  Finally, to the extent that appellant may be attempting to assert that she is filing a restricted appeal, she is not eligible to do so because she timely filed a postjudgment motion. *See id.* R. 30.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See id.* R. 42.3(a).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   September 4, 2019

3